UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD LEE DOLL,                )
                                )
        Plaintiff,               )
                                )       CAUSE NO. 3:18-CV-299 RLM
        vs.                      )
                                )
RONALD NEAL, et al.,             )
                                )
        Defendants.              )

OPINION AND ORDER

Gerald Lee Doll, a prisoner representing himself, filed a complaint alleging that he wasn't allowed to go outside for recreation at the Indiana State Prison from September 22 through October 26, 2017. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under §1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that,

1

in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Doll alleges that from September 22 through October 26, 2017, he was denied "any form of access to recreation/outside air outside of the dormitory." ECF 1 at 2. Mr. Doll alleges that this violated his constitutional rights. He sues ISP Warden Ron Neal and two executive assistants, J. Wallen and Mark Newkirk.

A court evaluating a conditions of confinement claim conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation or condition is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Under this standard, inmates are entitled to adequate recreation. Delaney v. DeTella, 256 F.3d 679, 687 (7th Cir. 2001). The Eighth Amendment can be violated if correctional officials "deny a prisoner all opportunity for exercise outside his cell"and if health issues result. *Id.* But denying out-of-cell exercise for less than 90 days is presumptively not cruel and unusual. Pearson v. Ramos, 237 F.3d 881, 884-85 (7th Cir. 2001).

Mr. Doll was denied outside recreation for only 34 days and he doesn't

allege he had any resulting health issues. While he wasn't allowed to go outside the dormitory during that period, he doesn't say he was denied all opportunities for exercise - just the opportunity to exercise outside. Mr. Doll clearly doesn't like the prison's practice of not allowing inmates to go outside during extended periods of lockdown, his allegations don't amount to the type of severe deprivation that would state a constitutional claim. *Id.; see also* Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1995) (only extreme and prolonged situations where all movement is denied will amount to a constitutional violation).

Mr. Doll also complains that not being permitted to go outside during that 34-day period somehow violated his right to adequate air. Although inmates are entitled to adequate accommodations, "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates shouldn't expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). Mr. Doll doesn't allege, and it can't be plausibly inferred from the complaint, that the prison's air was inadequate. He doesn't allege he suffered any medical problem or other type of injury from a lack of outside air. He simply complains that he wasn't permitted to go outside as desired. That Mr. Doll couldn't go outside for a month when he wanted to doesn't amount to a constitutional deprivation. *Cf.* Boyd v. Anderson, 265 F. Supp.2d 952, 966 (N.D. Ind. 2003) (inmate's allegation that he was deprived of direct sunlight failed to state a constitutional claim).

Finally, while Mr. Doll sues the Warden and two executive assistants, he doesn't provide any specific allegations about their role in these events. He appears to be trying to hold these defendants liable because the prison has some sort of policy or practice about when inmates are permitted to go outside. However, Mr. Doll hasn't alleged any unconstitutional policy. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, Mr. Doll hasn't stated a claim upon which relief can be granted against these defendants.

Though it seems unlikely that Mr. Doll suffered injuries that he forgot to mention in this complaint, the court will give him a chance to file an amended complaint if he has facts to add. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library.

For these reasons, the court GRANTS Gerald Lee Doll until August 6, 2018, to file an amended complaint. If Mr. Doll doesn't respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on July 10, 2018

    /s/ Robert L. Miller, Jr.
Judge
United States District Court