UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GERALD LEE DOLL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:18-CV-299 RLM |
| vs. | ) |  |
|  | ) |  |
| RONALD NEAL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Gerald Lee Doll, a *pro se* prisoner, originally filed a complaint alleging that he was not permitted to go outside for recreation during a lock down at the Indiana State Prison from September 22, 2017 through October 26, 2017. ECF 1. The court informed Mr. Doll that, without more, these allegations didn't state a constitutional claim. ECF 5. But, in the spirit of Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), he was given the opportunity to file an amended complaint. Mr. Doll has now filed an amended complaint. ECF 7.

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is

1

plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Doll hasn't added any new facts in his amended complaint. He still alleges that from September 22, 2017 through October 26, 2017, he was denied the opportunity to go outside. He still doesn't allege that he suffered any harm from this incident. He still he doesn't allege that he was denied all opportunities for exercise - just the opportunity to exercise outside. In fact, he acknowledges the court's prior dismissal order was correct under this Circuit's precedent. Id. at 5.

Nevertheless, Mr. Doll requests the defendants "answer the complaint to explain their actions" and he also wants to be allowed to go outside if a future lock down at ISP exceeds seven days. Courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a correctional facility. Bell v. Wolfish,

2

441 U.S. 520, 547 (1979). Since Mr. Doll hasn't plausibly alleged that the prison has violated his constitutional rights by not allowing him to go outside during lock downs, the court isn't in a position to interfere with how the prison handles inmates during a facility lock down. Although Mr. Doll clearly doesn't like the prison's practice of not allowing inmates to go outside during periods of lock down, his allegations don't amount to the type of severe deprivation that would state a constitutional claim. *Id.; see also* Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1995) (only extreme and prolonged situations where all movement is denied will amount to a constitutional violation).

For these reasons, and the reasons more fully explained in the court's original screening order (ECF 5), the amended complaint is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on October 9, 2018

/s/ Robert L. Miller, Jr.
Judge
United States District Court